IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 07 06 |
| | ) | |
| JOHN TAYLOR, | ) | 18 U.S.C. § 641 |
| | ) | |
| Defendant. | ) | |
| | ) | |

**FILED**
MAR - 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### FACTUAL BASIS FOR PLEA

The United States of America, by and through its undersigned attorneys within the United States Department of Justice, Criminal Division, Public Integrity Section, and the Defendant, JOHN TAYLOR, personally and through his undersigned counsel, hereby stipulate to the following facts pursuant to United States Sentencing Guidelines § 6A1.1 and Rule 32(C)(1) of the Federal Rules of Criminal Procedure, that beginning in or about January 2003 and continuing until in or about January 2006, in Camp Zama, Japan and elsewhere:

1. Defendant JOHN TAYLOR was a civilian employee of the United States Department of Defense (DOD), and he served as an Intelligence Contingency Funds Officer. Defendant TAYLOR was assigned to the 500th Military Intelligence Brigade as part of the United States Army Intelligence and Security Command, and he was stationed at Camp Zama, Japan, approximately 25 miles southwest of Tokyo, Japan.

2. In his capacity as a Funds Officer, defendant TAYLOR was responsible for budgeting, disbursing, and accounting for

Intelligence Contingency Funds. This position involved the exercise of significant discretion and required TAYLOR to manage classified bank accounts and supervise agents engaged in classified intelligence-gathering activity.

3. Intelligence Contingency Funds were funds intended for and made available to DOD intelligence agents in furtherance of their official duties. As a Funds Officer, defendant TAYLOR would and did withdraw funds from a U.S. Army Intelligence bank account (the "bank account"), secure those funds in an Intelligence Contingency Funds cashbox (the "cashbox"), disburse cash to intelligence agents, accept unused cash back from intelligence agents, and account for withdrawals, disbursements, and returns.

4. Defense Department policy authorized the use of Intelligence Contingency Funds only for official intelligence-related activities. Defendant TAYLOR knew and understood that the funds were not available for personal use.

5. On 20-30 occasions from approximately January 2003 through approximately January 2006, defendant TAYLOR embezzled roughly $106,000 in Intelligence Contingency Funds.

6. To cover his acts and falsely account for the missing money, defendant TAYLOR falsified accounting vouchers, which were used to record cash disbursements to agents. He also made false

entries on the Intelligence Contingency Funds Cash Blotter, which was a ledger used to keep track of the amount of cash on hand.

7. Defendant embezzled the money in one of three ways:

(a) By withdrawing cash from the bank account or the cashbox, converting it to his personal use, and creating a false accounting voucher to make it seem as if he had disbursed the funds to an agent;

(b) By taking cash from the bank account or the cashbox, disbursing a portion of the money to an agent, converting the rest to his personal use, and making false entries to the Cash Blotter to make it seem as if the entire amount was disbursed; or

(c) By accepting unused funds back from an agent, converting it to his personal use, and failing record the return in official records.

8. For example, on April 27, 2004, defendant TAYLOR withdrew $6,000 in Intelligence Contingency Funds, converted the money to his own use, and created a false accounting voucher stating that he disbursed the money to an agent.

9. On April 4, 2004, defendant TAYLOR withdrew $10,000 in Intelligence Contingency Funds, disbursed $5,000 to an agent, and made a false entry in the Cash Blotter stating that he gave the entire $10,000 to the agent.

10. On March 30, 2005, defendant TAYLOR accepted $3,525 in unused funds from an agent, converted the money to his personal use, and failed to document the return in either an accounting voucher or an entry in the Cash Blotter.

11. At all times, defendant TAYLOR knew his actions were wrong and illegal, and that embezzling the funds constituted a crime.

Dated: March 2, 2007.

| FOR THE Defendant | FOR THE UNITED STATES |
|---|---|
| *(signature)*<br>JOHN TAYLOR<br>Defendant | EDWARD C. NUCCI<br>Acting Chief<br>Public Integrity Section |
| *(signature)*<br>DANI C. JAHN<br>Assistant Federal Public Defender | By: *(signature)*<br>JAMES A. CROWELL IV<br>JOHN P. PEARSON<br>Trial Attorneys |
| Federal Public Defender<br>  for the District of Columbia<br>625 Indiana Ave. NW, Suite 550<br>Washington, DC. 20004<br>(202)208-7500 | U.S. Department of Justice<br>Criminal Division<br>Public Integrity Section<br>10th & Constitution Ave., NW<br>Bond Building<br>Washington, DC 20530<br>(202) 514-1412<br>James.crowell@usdoj.gov<br>John.pearson@usdoj.gov |