IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.    )<br>)<br>JOHN TAYLOR,    )<br>)<br>Defendant.    )<br>_____ )<br>) | Criminal No. 07-06<br><br>18 U.S.C. § 641<br>(Theft of Public Funds) |

FILED
MAR - 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the United States of America and the Defendant, JOHN TAYLOR, agree as follows:

1.  The Defendant is entering this agreement and is pleading guilty freely and voluntarily without promise or benefit of any kind, other than contained herein, and without threats, force, intimidation, or coercion of any kind.

2.  The Defendant knowingly, voluntarily, and truthfully admits the facts contained in the attached Factual Basis for Plea.

3.  The Defendant agrees to waive venue and plead guilty to a one-count Information charging him with one count of theft of government funds in violation of 18 U.S.C. § 641. The Defendant admits that he is guilty of this crime, and the Defendant understands that he will be adjudicated guilty of this offense.

4.  The Defendant understands the nature of the offense to which he is pleading guilty, and the elements thereof, including the penalties provided by law. The maximum penalties for a violation of 18 U.S.C. § 641 are ten years of imprisonment, a fine

of $250,000, and a mandatory special assessment of $100. The defendant also understands that the Court may impose a term of supervised release to follow any incarceration in accordance with 18 U.S.C. § 3583, and that, in this case, the authorized term of supervised release is at least two years but not more than three years. The Defendant also understands that the Court may impose restitution, costs of incarceration, and costs of supervision. The parties agree that the amount of restitution in this matter is $106,000.

5. If the Court accepts Defendant's plea of guilty to one count of theft in violation of 18 U.S.C. § 641, and the Defendant fulfills each of the terms and conditions of this agreement, the United States agrees that it will not further prosecute the Defendant for crimes arising from the facts set forth in the Factual Basis for Plea.

6. The parties to this agreement agree that the Defendant's sentence ~~is governed by~~ *will take account of* the United States Sentencing Guidelines, effective November 1, 2005, and that the Guideline applicable to the offense to which the Defendant is pleading guilty is U.S.S.G. § 2B1.1, Larceny, Embezzlement, and Other Forms of Theft. The parties agree to recommend the following guideline calculations:

   2B1.1(a)(2) Base Offense Level . . . . . . . . . . . . . . . . 6

   2B1.1(b)(1)(G) Amount of Loss
         between $70,000 and $120,000 . . . . . . . . . . . . . 8

2

      3B1.3 Abuse of Position of Trust . . . . . . . . . . . . . . 2

      TOTAL . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    7.   Should the Defendant comply fully with his obligations under this agreement, the United States will recommend that the Defendant receive a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, yielding a net offense level of 13 and a guideline range of 12-18 months imprisonment. The parties agree to recommend that no adjustment to the guideline level other than those discussed in this agreement is appropriate. The Defendant understands that these recommendations and agreements are not binding on the Court or the United States Probation Office, and that he will not be entitled to withdraw his plea of guilty if the Court rejects these recommendations. The Defendant further understands that while the Court must consult the Sentencing Guidelines, they are advisory and the Defendant may be sentenced up to the statutory maximum.

    8.   The Defendant agrees that he will not solicit or accept employment with the federal government, and will not solicit, conduct, or attempt to conduct any business with the federal government for a period of three (3) years from the date of sentencing. This prohibition applies to: (a) the defendant, acting on his own behalf or as an agent or representative of any individual, organization, or business; and (b) to any individual or business with whom the Defendant is "affiliated," as that term is

defined in the Federal Acquisition Regulations, at 48 C.F.R. § 9.403. The defendant understands that this prohibition will be included as a condition of his probation and/or supervised release, and that a violation of this condition could result in the Defendant's imprisonment or return to prison.

9. The Defendant agrees, for purposes of entering his initial appearance, arraignment, plea of guilty, sentencing and all other appropriate proceedings relevant to the filing of this agreement, to consent to the jurisdiction of the United States District Court for the District of Columbia. The Defendant expressly waives his right to object to venue in the District of Columbia.

10. The Defendant understands and acknowledges that he may receive any sentence within the statutory maximum for the offense of conviction.

11. The United States cannot and does not make any promise or representation as to what sentence the Defendant will receive or what fines or restitution, if any, the Defendant may be ordered to pay. The Defendant understands that the sentence and the sentencing guidelines applicable to this case will be determined solely by the Court, with the assistance of the Probation Office, that the Court may impose the maximum sentence permitted by the statute, and that the Defendant will not be permitted to withdraw

his plea regardless of the sentence calculated by the Probation Office or imposed by the Court.

12. The United States reserves the right to allocate as to the nature and seriousness of the offense and to make a recommendation as to sentencing. The attorneys for the United States will inform the Court and the Probation Office of: (1) this agreement; (2) the nature and extent of the Defendant's activities with respect to this case; and (3) all other information in its possession relevant to sentencing.

13. The United States will not ask that the Defendant be detained pending sentencing.

14. The Defendant, knowing and understanding all of the facts set out herein, including the maximum possible penalty that could be imposed, and knowing and understanding his right to appeal the sentence as provided in 18 U.S.C. § 3742, hereby expressly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b).

15. If the Defendant fails to comply with any of the material conditions and terms set forth in this agreement, he will have

committed a material breach of the agreement which will release the Government from its promises and commitments made in this agreement. Upon Defendant's failure to comply with any of the terms and conditions set forth in this agreement, the Government may fully prosecute the Defendant on all criminal charges that can be brought against him. With respect to such a prosecution:

    a. The Defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, or any other Federal rule, that Defendant's statements pursuant to this agreement or any evidence derived therefrom, should be suppressed or are inadmissible;

    b. The Defendant waives any right to claim that evidence presented in such prosecution is tainted by virtue of the statements he has made; and

    c. The Defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this agreement is signed by the parties.

    16. In the event of a dispute as to whether Defendant has knowingly committed any material breach of this agreement, and if the United States chooses to exercise its rights under the preceding paragraph, and if the Defendant so requests, the matter shall be submitted to the Court and shall be determined by the

Court in an appropriate proceeding at which Defendant's disclosures and documents shall be admissible and at which time the United States shall have the burden to establish the Defendant's breach by a preponderance of the evidence.

17. The Defendant agrees that if the Court does not accept his plea of guilty, this agreement shall be null and void.

18. The Defendant understands that this agreement is binding only upon the United States Department of Justice, Criminal Division, Public Integrity Section. This agreement does not bind any United States Attorney's Office, nor does it bind any state or local prosecutor. It also does not bar or compromise any civil or administrative claim pending or that may be made against the Defendant. If requested, however, the Public Integrity Section will bring this agreement to the attention of any other prosecuting jurisdiction and ask that jurisdiction to abide by the provisions of this plea agreement. The Defendant understands that other prosecuting jurisdictions retain discretion over whether to abide by the provisions of this agreement.

19. This agreement and the attached Factual Basis for Plea constitute the entire agreement between the United States and the Defendant. No other promises, agreements, or representations exist or have been made to the Defendant or the Defendant's attorneys by the Department of Justice in connection with this case.

20. The parties to this agreement agree that this agreement may be amended only by a writing signed by all parties and sanctioned by the Court.

Dated: March 2, 2007.

| FOR THE Defendant | FOR THE UNITED STATES |
|---|---|
| *(signature)* <br> JOHN TAYLOR <br> Defendant | EDWARD C. NUCCI <br> Acting Chief <br> Public Integrity Section |
| *(signature)* <br> DANI C. JAHN <br> Assistant Federal Public Defender | By: *(signature)* <br> JAMES A. CROWELL IV <br> JOHN PEARSON <br> Trial Attorneys |
| Federal Public Defender <br>   for the District of Columbia <br> 625 Indiana Ave. NW, Suite 550 <br> Washington, DC. 20004 <br> 7500 | U.S. Department of Justice <br> Criminal Division <br> Public Integrity Section <br> 1400 New York Ave., NW (202)208- <br> Bond Building <br> Washington, DC 20005 <br> (202) 514-1412 <br> James.crowell@usdoj.gov <br> John.pearson@usdoj.gov |